UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA GARZA,
an individual,

       Plaintiff,

v.

TELAMON SODUS MIGRANT HEAD START, a
non-profit corporation,

       Defendant.

Case No.
Hon.:

William F. Piper (P38636)
William F. Piper, P.L.C.
*Attorney for Plaintiff*
9848 Portage Rd.
Portage, MI 49002
Phone: 269.321.5008
Fax: 269.321.5009
Email: wpiper@wpiperlaw.com
legal@wpiperlaw.com

# COMPLAINT

The plaintiff Monica Garza, by and through her attorney William F. Piper, PLC., for her complaint, states as follows:

## JURISDICTIONAL ALLEGATIONS

1. The plaintiff is a Mexican American woman who is in her late forties.

2. The defendant is a corporation that did business in the County of Berrien, State of Michigan, at all times relevant to this complaint.

3. This lawsuit arises out of Ms. Garza's employment by the defendant and its termination of her employment by it on or about July 29, 2024.

4. This case arises under the Americans with Disabilities Act, 42 USC § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981a, the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.

5. Jurisdiction arises under 28 U.S.C. § 1331.

6. Certain claims in this action arise under this courts supplemental jurisdiction to hear and decide state law claims arising out of the same transactions and occurrences as the federal law claims.

## COMMON ALLEGATIONS

7. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 6 of this complaint.

8. The defendant hired Ms. Garza to work for it in 1999.

9. Because of the good job she did for the defendant it eventually promoted Ms. Garza to the position of Center Director.

10. In 2022 the defendant gave Ms. Garza a new supervisor who is a white woman substantially younger than her.

11. The new director criticized Ms. Garza for things that she did not criticize other center directors for.

12. By 2022 Ms. Garza had developed disabilities of arthritis, A.D.H.D, carpal tunnel syndrome, shoulder pain causing limited range of motion, anxiety, and depression, which substantially affected major life activities of walking, lifting, twisting, typing, sleeping, cooking and washing her hair.

13. Ms. Garza applied for intermittent leave under the FMLA to attend appointments, but the defendant unlawfully denied the leave.

14. The defendant thereafter gave Ms. Garza improper disciplinary actions for times she left work to attend medical appointments that should have been covered under the FMLA.

15. The plaintiff noticed that the defendant had discriminated against Betty Miranda, including not giving her continuing education and training, so in around October 2023 she complained to the defendant about national origin discrimination against Ms. Miranda.

16. In early December 2023 the defendant placed Ms. Garza on a performance improvement plan, but it was retaliatory and not justified.

17. In around March 2024, the defendant told Ms. Garza that she was taking too much time away from work attending medical appointments and had too many health issues.

18. Ms. Garza requested the dates she had allegedly missed for medical appointments, but the defendant did not provide it to her.

19. The defendant did not meet with Ms. Garza to review her progress completing the goals of the performance improvement plan.

20. The day before she was terminated Ms. Garza received a 30% increase in pay.

21. The defendant's white regional coordinator than terminated Ms. Garza's employment by it on July 29, 2024.

22. Ms. Garza asked the defendant why she was being terminated, but the defendant stated "It doesn't matter anymore."

23. As a result of the termination set forth above, and the events leading to it, Ms. Garza has suffered and will continue to suffer a loss of income and benefits, emotional distress, shock, humiliation, a loss of enjoyment of life and other damages.

### COUNT I – DISABILITY DISCRIMINATION AND REFUSAL TO ACCOMMODATE

24. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 23 of this complaint.

25. The defendant refused to accommodate Ms. Garza's request for time off for work to attend medical appointments.

26. The requested accommodation would not have been an undue hardship on the defendant.

27. The defendant discriminated against Ms. Garza because of her disabilities by not giving her an accommodation and by terminating her employment because of her disabilities.

28. As a result of the discriminatory actions of the defendant set forth above, Ms. Garza has suffered and will continue to suffer the damages set forth above.

29. These claims are actionable under the Americans with Disabilities Act, 42 USC § 12101 et. seq., 42 USC 1981a, and the Persons with Disabilities Civil Rights Act, MCL 37.1101 et. seq.

**WHEREFORE,** the plaintiff requests a judgment against the defendant for whatever amount is sufficient to compensate her for her damages past and future, any applicable equitable relief, punitive damages, costs, interest, attorney's fees and other relief this court deems fair and just.

### COUNT II – FMLA INTERFERENFCE   AND RETALIATION

30. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 29 of this complaint.

31. The defendant interfered with Ms. Garza's rights under the FMLA by not granting her intermittent leave under it.

32. The defendant considered time Ms. Garza missed that should have been covered under the FMLA as a factor in its decision to terminate her employment by it.

33. The defendant retaliated against Ms. Garza for requesting intermittent leave under the FMLA. by terminating her employment by it.

34. As a result of the termination set forth above Ms. Garza has suffered and will continue to suffer the damages set forth above.

35. These claims are actionable under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.

**WHEREFORE**, the plaintiff requests a judgment against the defendants in an amount equal to any wages, salary, employment benefits, interest and any other compensation and monies denied or lost to her by reason of the defendants' violations of the FMLA; an additional amount as liquidated damages equal to the sum of any lost wages, salary, employment benefits and any other monies, compensation and interest; compensation for all future economic damages; any equitable relief that may be appropriate, including front pay; and all attorney's fees, costs, and any other relief this Court deems fair and just.

## COUNT III – RETALIATION

36. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 35 of this complaint.

37. The defendant terminated Ms. Garza's employment in retaliation against her because of her complaint about national origin discrimination.

38. The defendant terminated Ms. Garza's employment as soon as it had a pretextual opportunity to do so, which was at the end of her performance improvement plan.

39. As a result of the unlawful retaliatory action of the defendant Ms. Garza has suffered and will continue to suffer the damages set forth above.

40. This claim is actionable under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981a, 42 U.S.C. § 1981, and the Elliott-Larsen Civil Rights Act, MCL 37.2701.

**WHEREFORE**, the plaintiff requests a judgment against the defendant for whatever amount is sufficient to compensate her for her damages past and future, any applicable equitable relief, punitive damages, costs, interest, attorney's fees and any other relief this court deems fair and just.

## COUNT IV – AGE DISCRIMINATION

41. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 40 of this complaint.

42. The defendant terminated Ms. Garza's employment because of her age.

43. The defendant replaced Ms. Garza with a person substantially younger than her.

44. As a result of the unlawful termination Ms. Garza has suffered and will continue to suffer the damages set forth above.

45. This claim is actionable under the Age Discrimination Employment Act, 29 U.S.C. § 621 et seq., and the Elliott-Larsen Civil Rights Act MCL 37.2101 et seq.

**WHEREFORE**, the plaintiff requests a judgment against the defendants in an amount equal to any wages, salary, employment benefits, interest and any other compensation and monies denied or lost to her by reason of the defendants' violations of the ADEA; an additional amount as liquidated damages equal to the sum of any lost wages, salary, employment benefits and any other monies, compensation and interest; compensation for all future damages; compensation for intangible damages past and future; any equitable relief that may be appropriate, including front pay; and all attorney's fees, costs, and any other relief this Court deems fair and just.

Dated: June 25, 2025                                  WILLIAM F. PIPER, PLC.
                                                                                        Attorney for Plaintiff

                                                                                   By:     */s/ William F. Piper*
                                                                                           William F. Piper (P38636)
                                                                    BUSINESS ADDRESS:
                                                                        9848 Portage Rd.
                                                                        Portage, Michigan 49002
                                                                        Phone: 269.321.5008
                                                                        Fax: 269.321.5009